UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JOHN L. CORRIGAN,                  )   No. C06-1710P
                                   )
                  Plaintiff,       )
         v.                        )   ORDER DENYING PLAINTIFF'S
                                   )   SECOND REQUEST TO REMOVE
DARRIN JENKS, *et al.*,            )   JUDGE PECHMAN
                                   )
                  Defendants.      )
_____)

This matter comes before the Court under Local General Rule 8(c). On April 24, 2007, plaintiff John L. Corrigan filed a "2nd Motion to Recuse Judge" (Dkt. #9). The Honorable Marsha J. Pechman, United States District Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge (Dkt. #11). Plaintiff's motion is therefore ripe for review by this Court.

This is plaintiff's second motion to recuse Judge Pechman that has been referred to this Court. This Court denied plaintiff's first motion for recusal. See Dkt. ##3, 7. Plaintiff now contends his "1st motion was not pursuant to 28 U.S.C. § 144 and § 455, but more of a general statement," but that this motion is being filed under 28 U.S.C. §§ 144 and 455. Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

ORDER DENYING PLAINTIFF'S SECOND
REQUEST TO REMOVE JUDGE PECHMAN

Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal).[1]  A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

In his first motion, plaintiff argued that recusal was warranted because Judge Pechman sanctioned him in a prior lawsuit, John L. Corrigan v. Unknown King County Deputy #1 (CV05-1727P) ("Corrigan I"). See Dkt. #3. Plaintiff's allegation of bias in his second motion relates to the same issue as his first motion: Judge Pechman's imposition of Fed. R. Civ. P. 11 sanctions against him in Corrigan I. See Motion at 3. Thus, through his second motion for recusal, plaintiff is attempting to have this Court review the merits of the sanctions order again. An

---

[1] In his motion, plaintiff argues that the following quote from Liteky supports disqualification in this case: "A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. (That explains what some courts have called the 'pervasive bias' exception to the 'extrajudicial source' doctrine[.])." Liteky, 510 U.S. at 551; Motion at 6-7. The pervasive bias exception to the extrajudicial source doctrine has no applicability in this case, however, because there is no reasonable basis to find that Judge Pechman has a "clear inability to render fair judgment" based on the Rule 11 sanctions order in Corrigan I and the April 11, 2007 order.

ORDER DENYING PLAINTIFF'S SECOND
REQUEST TO REMOVE JUDGE PECHMAN        -2-

objection to a judge's decision, however, is properly raised through an appeal, not a motion to recuse.[2]  Plaintiff also argues that the April 11, 2007 order in this case requiring him to file proof that he has payed the sanctions imposed in <u>Corrigan I</u> also demonstrates bias and prejudice.  <u>See</u> Dkt. #8 (April 11, 2007 Order); Motion at 4.

This Court finds that the sanctions order against plaintiff in <u>Corrigan I</u> and the April 11, 2007 order do not support removal of Judge Pechman because there is no suggestion that the alleged bias arises from an extrajudicial source and Judge Pechman's impartiality cannot be reasonably questioned based on these rulings.[3]  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met the burden of showing an appearance of bias.

Having reviewed plaintiff John L. Corrigan's "2nd Motion to Recuse Judge" and the remainder of the record, the Court finds that Judge Pechman's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's second request to remove Judge Pechman from this matter (Dkt. #9) is DENIED.

DATED this 22nd day of May, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2]  Plaintiff is aware of this because in his affidavit he has asserted that he is seeking appellate review of the Rule 11 sanctions order.  <u>See</u> Dkt. #9-2 ("I am currently appealing this with the Ninth Circuit Court of Appeals.").

[3]  <u>See</u> <u>supra</u> note 1.

ORDER DENYING PLAINTIFF'S SECOND
REQUEST TO REMOVE JUDGE PECHMAN           -3-